# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALVAREZ, | CV F    04 5881 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 14) |
| ADAMS, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Richard Alvarez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 23, 2004, naming as Defendants Adams, Carrillo, Bhatt, Allison, Curtis, and Barbiero. On November 14, 2005, the Court dismissed the Complaint with leave to amend. Plaintiff filed a First Amended Complaint on December 14, 2005.

**A.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

In the Court's first Order dismissing with leave to amend, the Court dismissed because Plaintiff did not make his claim for relief clear.  Here, Plaintiff again provides, in narrative form, the story of every encounter he had with the named Defendants.  However, Plaintiff fails to identify each claim for relief and provide a brief[1] statement of facts to support his claim and also link the named Defendant to the act or omission giving rise to the violation.  The Court will provide below the legal authority that may be relevant to Plaintiff's case.  However, upon Plaintiff's amendment of the Complaint, he should heed the Court's instruction to separate each claim for relief, provide a brief statement of facts to support that claim and ensure that in that statement of facts he links a named Defendant to an act or omission giving rise to the violation.  It is not the Court's responsibility to read the story provided by Plaintiff and try to determine

---

[1] A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

what his claims are and which facts go with which claims.  This responsibility lies with the Plaintiff.

**C. ANALYSIS**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2. Eighth Amendment - Medical Care*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and

disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (*citing* Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### 3. Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (*citing* Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

### 4. Supervisory Liability

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated

4

1 in the alleged deprivation of constitutional rights; knew of the violations and failed to act to
2 prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a
3 repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
4 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List,
5 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts
6 must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County
7 Narcotics Unit, 507 U.S. 163, 168 (1993).

8       Plaintiff has not alleged any facts indicating that Defendants in a supervisory capacity
9 personally participated in the alleged deprivation of constitutional rights; knew of the violations
10 and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the
11 policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
12 constitutional violation.'"  Hansen v. Black at 646.

13       *5. Exhibits and Evidence*

14       The Court notes that Plaintiff has attached over forty (40) pages of exhibits.  It is
15 inappropriate to attach exhibits to a complaint.  See Rule 8, Federal Rules of Civil Procedure.
16 Further, the Court cannot serve as a repository for the parties' evidence.  Originals or copies of
17 evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until
18 the course of litigation brings the evidence into question (for example, on a motion for summary
19 judgment, at trial, or when requested by the court).   At this point, the submission of evidence is
20 premature as the Plaintiff is only required to state a prima facie claim for relief.   In amending his
21 Complaint, Plaintiff should refrain from attaching exhibits and evidence.

22 **D.  CONCLUSION**

23       The Court finds that Plaintiff's complaint does not contain any claims upon which relief
24 can be granted under § 1983 against any of the Defendants.  The Court will again provide
25 Plaintiff with the opportunity to cure time to the deficiencies identified above should he wish to
26 do so.

27       Plaintiff must demonstrate in the Second Amended Complaint how the conditions
28 complained of resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625

F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each defendant is involved. Plaintiff may not simply tell a story and let the Court figure it out. Plaintiff must identify each allegation and then state the facts that demonstrate the alleged violation. The facts must link a Defendant to an act or omission giving rise to the violation. Plaintiff may not simply state Defendant acted with deliberate indifference. He must state what actions were taken or not taken by the Defendant that amounted to deliberate indifference. This is called a link and there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Second Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and pursue the action but instead wishes to voluntary

6

1  dismiss the case.

2  Plaintiff is forewarned that his failure to comply with this Order may result in a
3  Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.
4  IT IS SO ORDERED.

5  **Dated:**  **January 9, 2007**                              /s/ Lawrence J. O'Neill
    b9ed48                                                    UNITED STATES MAGISTRATE JUDGE