# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALVEREZ, | 1:04-cv-05881-OWW-GSA (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| DERRAL G. ADAMS, et. al., | |
| Defendants. | (Docs. 1, 13, 14, 15 & 16) |

## I.    FINDINGS

Richard Alverez ("Plaintiff") is a state prisoner proceeding pro se. The Court granted Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 23, 2004. (Doc. 1.) On November 14, 2005, the Court issued an order dismissing Plaintiff's complaint for failure to state claims upon which relief could be granted and providing direction for Plaintiff's use in filing an amended complaint. (Doc. 13.) Plaintiff filed his first amended complaint on December 14, 2005. (Doc. 14.) On January 10, 2007, the Court issued an order dismissing Plaintiff's first amended complaint with leave to amend. (Doc. 15.) Plaintiff filed his second amended complaint on February 7, 2007. (Doc. 16.)

A. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. **Summary of Plaintiff's Second Amended Complaint**

Plaintiff is currently a state prisoner at Pleasant Valley State Prison in Coalinga, California. Plaintiff was formerly incarcerated at California Substance Abuse and Treatment Facility ("CSATF") in Corcoran, California, where the acts he complains of occurred. Plaintiff names defendants: Derral G. Adams, Warden of CSATF; Lieutenant Carrillo; Chief Medical Officer N. Bhatt; Correctional Health Services Administrator K. Allison; Registered Nurse R. Curtis; and Medical Appeals Analyst T. Barbeiro.

Plaintiff alleges that: Lt. Carrillo overruled a doctor's medical judgment and took away Plaintiff's orthopedic shoes and knee brace; Plaintiff's orthopedic items were prescribed and

clearly needed; defendants N. Bhatt, K. Allison, R. Curtis, and T. Barbeiro were deliberately indifferent to his serious medical need; Curtis should have expedited replacement orthopedic items; Allison as Health Administrator was indifferent and thus supported Plaintiff's failure of treatment; and Warden Derral G. Adams as policy maker may have guided the other defendants' actions.  Plaintiff's second amended complaint suffers from a number of deficiencies which now require dismissal with prejudice.

### C.   Claims for Relief

#### 1. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff alleges that the supervisory defendants Adams and Allison failed to properly supervise their subordinates and thus condoned constitutional violations.  Plaintiff has not alleged any facts that the supervisory defendants engaged in some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  A supervisorial role alone is not sufficient for liability under section 1983.  Plaintiff thus fails to assert a cognizable claim against

the supervisory defendants.

## 2. *Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges that Bhatt, Carrillo, Allison, Curtis, and Barbeiro were deliberately indifferent to Plaintiff's medical need. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05. However, where a prisoner

4

alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.  1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Other than a mere conclusory statement, Plaintiff fails to allege how defendants Bhatt and Barbeiro were deliberately indifferent to Plaintiff's serious medical need.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff fails to allege how defendant Carrillo's removal of Plaintiff's orthopedics is an action of deliberate indifference to Plaintiff's medical need.  Plaintiff also fails to allege how defendant Curtis's failure to expedite replacements for Plaintiff's orthopedic items constitutes deliberate indifference as opposed to mere indifference or negligence. Plaintiff thus fails assert a cognizable claim for deliberate indifference to a serious medical need.

## II.    RECOMMENDATION

The Court finds that Plaintiff has failed to state a claim against any of the named defendants.  Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     October 15, 2008                    /s/ Gary S. Austin
                                               UNITED STATES MAGISTRATE JUDGE